UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80129-CR-MARRA
CASE NO. 11-80185-CR-MARRA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KENNETH E. FOOTE, JR.,

      Defendant.

_____/

## RESTITUTION ORDER

This cause came before the Court, pursuant to Title 18, United States Code, Sections 3663A(a)(1) and 3664, for a determination of restitution due and owing to the victims in the above-listed cases. Based on the report prepared by the probation officer and with the consent of the parties, it is hereby

**ORDERED AND ADJUDGED** that in Case No. 11-80129-Cr-Marra, the defendant shall pay restitution in the amount of $2,212,660.09 to the victims of International Resort Solutions LLC ("IRS"), pursuant to Title 18, United States Code, Section 3663A(a)(1), which obligation is joint and several with co-defendants Jospeh A. Grizzanti and Michael Franzenburg, and the defendants in United States v. Bryan Bergeron, et al, Case No. 12-80039-CR-ZLOCH (Bryan A. Bergeron, Joseph J. Eichenlaub, Michael J. Ferrari, Jeffrey T. Fields, Thomas Ford, Joshua M. Holmes, and Colin Van

Nest Talmage). The identities of the IRS victims and their respective losses are set forth in the probation report.

It is further **ORDERED and ADJUDGED** that in Case No. 11-80185-Cr-Marra, a complete accounting of the individual losses sustained by the victims is impracticable given the large number of victims, the inability to locate the victims and verify their losses, and the lack of documentation establishing individual losses, and therefore no restitution is ordered, pursuant to Title 18, United States Code, Sections 3663A(c)(3)(A) and (B).

It is further **ORDERED AND ADJUDGED** that during defendant's period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed in this judgment; (2) if the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed in this order. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

It is further **ORDERED and ADJUDGED** that the remaining balance of the restitution owed by defendant after the payments set forth above, shall be paid by him in monthly installments at the rate of at least 10% of his gross monthly income, upon his release from imprisonment, until such time as the court may alter that payment schedule in the interests of justice. Such payments are also an express condition of his supervised release. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

It is further **ORDERED and ADJUDGED** that defendant remains liable on the full restitution balance of $2,212,660.09 for twenty years from the date of the entry of the judgment plus the time of incarceration, pursuant to 18 U.S.C. §3613(b) and(f).

**DONE AND ORDERED** at West Palm Beach, Florida, this 16th day of July 2012.

KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record
        U.S. Probation Office